IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.

**AARON WALLACE,**

      **Defendant.**

Case No. 21-CR-30170-SPM-1

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

      Pending before the Court is a Motion for Post Verdict Contact with Juror filed by Defendant Aaron Wallace. (Doc. 83). The United States filed a response to the motion. (Doc. 95).

      Under Southern District of Illinois Local Rule 53.1(b),

> No attorney, party, or representative of either may question a juror after the verdict has been returned without prior approval of the presiding judge. Approval of the presiding judge shall be sought only by application made by counsel orally in open court or upon written motion which states the grounds and the purpose of the questioning. If a post-verdict questioning of one or more of the members of the jury is approved, the scope of the questioning and other appropriate limitations upon the questioning will be determined by the presiding judge prior to the questioning.

The Rule itself highlights the standard practice that contact with jurors is ordinarily not allowed. Rules regulating parties post-trial contact with jurors "(1) encourage freedom of discussion in the jury room; (2) reduce the number of meritless post-trial motions; (3) increase the finality of verdicts; and (4) further Federal Rule of Evidence 606(b) by protecting jurors from harassment and the jury system from post-verdict

scrutiny. *Cuevas v. United States*, 317 F.3d 751, 753 (7th Cir. 2003).

In turn, Federal Rule of Evidence 606(b), shields the contents of deliberations from unnecessary attacks and questioning from parties after the verdict, with limited exceptions. Specifically, the Rule prohibits juror testimony "about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict of indictment." Exceptions to the rule state that "[a] juror may testify about whether: (A) extraneous prejudicial information was improperly brought to the jury's attention; (B) an outside influence was improperly brought to bear on any juror; or (C) a mistake was made in entering the verdict on the verdict form." FED. R. EVID. 606(b)(2).

In his motion, Wallace stated that he wanted to speak to a juror that claimed she was persuaded into voting a certain way and now regrets her vote. (Docs. 83, 86). None of the exceptions that would allow testimony under Federal Rule of Evidence 606(b) apply in this case. Furthermore, the considerations of the local rule outweigh Wallace's stated interest. As a result, Wallace's Motion for Post Verdict Contact with Juror (Doc. 83) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   January 10, 2024

*s/ Stephen P. McGlynn*  
**STEPHEN P. McGLYNN**  
**U.S. District Judge**